No. 615 FLATBUSH AVENUE CORPORATION, Appellant, *v.* SAMUEL HATOFF and Another, Respondents.

Supreme Court, Appellate Term, First Department, February 10, 1926.

Sales — express warranty — action on contract for sale of boiler contained express warranty as to condition of boiler — error to charge that doctrine of caveat emptor applied — evidence — admissions — plaintiff entitled to explain meaning of phrase " trust estate " on letterhead.

In an action upon a contract for the sale of a boiler containing an express warranty as to the condition of said boiler at the time title passed, it was error for the trial court to charge that the doctrine of *caveat emptor* applied, and that the plaintiff's assignor was bound to amply investigate before purchasing, since under the circumstances of the sale, the buyer was warranted in taking the seller at his word.

It was error also to deny a witness for the plaintiff an opportunity to explain the caption " trust estate " on his letterhead for the reason that where a declaration of a party is used as an admission against him tending to show an inconsistent attitude, the apparent contradiction may be explained.

Appeal by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Third District, entered in favor of the defendants.

*Grant Hoerner*, for the appellant.

*Charles Weg*, for the respondents.

Per Curiam. It was error for the trial court to charge that the doctrine of *caveat emptor* applied and that plaintiff's assignor was under a duty to amply investigate the property before purchasing it since the contract of sale contained an express warranty as to the condition of the boiler at the time of passing of title. Under such circumstances he was entitled to take the vendor at his word and was not bound to investigate or examine its condition prior to that time. Permission was also improperly denied the witness to explain the caption of " trust estate " on his letterhead. Where a declaration of a party is used as an admission against him tending to show an inconsistent attitude it is always open to him to explain the apparent contradiction. The judgment is reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, Bijur, Delehanty and Wagner, JJ.